UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT PURBECK,<br><br>    Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA, JOSHUA HURWIT, RYAN BUCHANAN,<br><br>    Defendants. | Case No. 1:24-cv-00356-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Before the Court is Petitioner Robert Purbeck's Motion for Writ of Mandamus (Dkt. 1) and Motion for Service (Dkt. 4).

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES both motions.

# II. BACKGROUND

Purbeck filed the instant Motion for Writ of Mandamus on August 8, 2024. Dkt. 1. A few days later he filed an Amended Petition (Dkt. 3) and Motion for Service (Dkt. 4).

Briefly put, Purbeck alleges certain United States Attorneys—in Idaho and

Georgia—violated his constitutional rights *in his criminal case*. The Court has had to piece together the story of this situation as Purbeck's filings are lengthy and difficult to understand. As best as the Court can surmise, the relevant background is as follows.

On January 31, 2021, Purbeck filed a civil lawsuit against several federal agents, state officers, and federal prosecutors who were involved in the search of his home, his arrest, and his eventual prosecution.[1] *See Case No.* 1:21-cv-00047-BLW. On March 2, 2021, Purbeck was indicted on federal criminal charges in the Northern District of Georgia. *See United States v. Purbeck*, Case No. 3:21-cr-00004 (N.D. Ga). Motion practice ensued in Purbeck's civil case, and ultimately, Judge Winmill dismissed most of Purbeck's claims. *See generally Case No.* 1:21-cv-00047-BLW; Dkt. 80. That said, Judge Winmill stayed discovery on the remaining claims pending resolution of Purbeck's criminal case in Georgia. *Id*. at Dkt. 75.

The Court has surveyed Purbeck's case in Georgia, and it appears that, after having plead guilty, Purbeck was sentenced to 120 months of imprisonment on November 15, 2024. *United States v. Purbeck*, Case No. 3:21-cr-00004 (N.D. Ga) at Dkt. 134. Purbeck has appealed his conviction and sentence. *Id*. at Dkt. 137. In that case, Purbeck filed numerous pre-trial motions, including four motions to suppress. *See generally id*.

In August of last year—after Judge Winmill had stayed discovery in Purbeck's civil case, but before he was sentenced in Georgia on his criminal case—Purbeck filed the instant Writ of Mandamas. Dkt. 1. He attached the case number of his civil case to the top

---

[1] Some of the individuals involved in that suit are named in Purbeck's Petition here as well.

MEMORANDUM DECISION AND ORDER - 2

of that pleading. However, the Clerk of the Court filed the writ as a separate case, and it was assigned to the undersigned. Purbeck supplemented his Writ a few days after his initial filing (Dkt. 3) and asked the Court to serve the writ on Defendants (Dkt. 4).

### III. LEGAL STANDARD

Purbeck does not cite any statute, law, or case supporting his instant motion. He simply requests "mandamus relief . . . to prevent irreparable harm." Dkt. 3, at 1. As noted, Purbeck generally alleges that federal officers violated his rights. Thus, the Court finds the most appliable standard is found in 28 U.S. Code § 1361 which allows for mandamus relief when "an officer or employee of the United States" is required to "perform a duty [] to the plaintiff."

Relief under § 1361 "is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084–85 (9th Cir. 2003); *see also Heckler v. Ringer*, 466 U.S. 602, 616, (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief . . . .").

The individual seeking the writ must, therefore, prove a right to issuance of the writ that is "clear and indisputable." *DeGeorge v. U.S. Dist. Court,* 219 F.3d 930, 934 (9th Cir.2000) (quoting *Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 384 (1953)).

### IV. DISCUSSION

In his Writ (and Amended Writ), Purbeck alleges that federal prosecutors in Idaho

and Georgia failed to disclose exculpatory evidence during the pendency of his criminal case in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). *See generally* Dkt. 3. Purbeck alleges that he "would not have plead guilty" if he had been afforded a fair opportunity to view the evidence against him. *Id*. at 3.

Purbeck brings other allegations—including that one prosecutor is a "religious zealot" out to get him, that other prosecutors obstructed the criminal investigation, and that other prosecutors helped aid witnesses in perjuring themselves—but as far as the Court can tell, *all* of Purbeck's allegations are related to his criminal case in Georgia.

As noted, Purbeck filed a myriad of motions in his criminal case. The Court is not sure if any of those motions raised issues like those raised here. Thus, it could be that some of Purbeck's concerns have already been addressed. And to the extent they were not addressed in the underlying case, Purbeck can avail himself of his appellate rights (which he has already done).

Thus, setting aside the fact that the individual Defendants are immune from suit, and that some of the Defendants reside outside of the District of Idaho (and thus outside of the Court's jurisdiction), Purbeck has not shown that the extraordinary relief of mandamus is warranted because there is plainly an adequate alternative remedy—appeal. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (explaining that a writ of mandamus is not to be used "as a substitute for the regular appeals process"); *cf. In re Sussex*, 781 F.3d 1065, 1070 (9th Cir. 2015) (noting a writ of mandamus is reserved for issues "not correctable on appeal").

## V. CONCLUSION

Purbeck's criminal case is the correct forum for the constitutional concerns he raises here. If those avenues have been completely exhausted,[2] Purbeck can file another writ. However, he will need to specifically identify how *this* Court is the proper forum and how mandamus is the only available option for relief.

Ultimately, because Purbeck has access to other adequate and available remedies, the Court lacks jurisdiction to order mandamus relief. Purbeck's writ is DENIED. Because the Court will not issue the Writ, service on Defendants is unnecessary and Purbeck's Motion for Service is DENIED as well.

## VI. ORDER

1. Purbeck's Motion for Writ of Mandamus (Dkt. 1) is DENIED.
2. Purbeck's Motion for Service (Dkt. 4) is DENIED.
3. This case is CLOSED.

DATED: March 28, 2025

_____
David C. Nye
Chief U.S. District Court Judge

---

[2] The Court doubts this is the case as Purbeck's appeal is ongoing.